# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY McDONALD, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-20-1097-SM |
| KIKOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) ) |
|    Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Brandy McDonald (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 20-21.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred in failing to develop the record and for failing to incorporate certain limitations regarding her ability to adapt. Doc. 24, at 8-22.[1] After a

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

careful review of the record (AR), the parties' briefs, and the relevant authority, the Court agrees with Plaintiff and reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines a disabled person as one who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c; *see also* 20 C.F.R. § 416.905(a). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

2

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 20-30; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since November 19, 2017, the application date;

(2) had the following severe medically determinable impairments: post-traumatic stress disorder, schizoaffective disorder, anxiety disorder, bipolar disorder, and obsessive-compulsive disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform the full range of work at all exertional level, with the following non-exertional limitations: she can understand, remember, and carry out simple, routine, and repetitive tasks; she can relate to supervisors and coworkers for incidental work purposes; she can have no contact with the general public; and she can adapt to a work situation;

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

    (5)    had no past relevant work;

    (6)    could perform jobs that exist in significant number in the national economy, such as conveyor feeder off-bearer; lab equipment cleaner; and floor waxer; and so,

    (7)    had not been under a disability since November 19. 2017.

AR 21-30.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 8-12, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other

evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B.  Issues for judicial review.

Plaintiff asserts the ALJ erred (1) by failing to develop the record and obtain evidence about her brain tumor; and (2) when he opted not to include the limitation about her ability to adapt to "forewarned changes," as stated by Dr. Jason Gunter, a non-examining state psychologist. Doc. 24, at 8-22.

#### 1.  The ALJ failed to adequately develop the record.

During the hearing, the ALJ asked Plaintiff about her current medical treatment. AR 45-46. Plaintiff responded that she had recently seen a counselor. *Id*. The ALJ asked Plaintiff to provide contact information to him so he could obtain records from this counselor. *Id*. at 46-48.

Two months after the July 1, 2019 hearing, Plaintiff advised the ALJ that "there is more new evidence." *Id*. at 317, 35. Plaintiff advised that her new doctor was treating her for a "brain tumor that may be the cause of [her] mental disability." *Id*. at 317. The ALJ requested information from this doctor and asked for his assistance in determining Plaintiff's mental ability to work. *Id*. at 310-15. The records custodian responded that the doctor did not "treat patients for disability," and in the end, no records were provided. *Id*. at 309.

5

Plaintiff faults the ALJ for not obtaining these records, most notably a magnetic resonance image (MRI) that would have supported her contentions about her limited mental abilities. Doc. 24, at 11 (stating that she informed the ALJ "that these new treatment records included an MRI documenting her impairment").

Although the claimant in a social security disability proceeding bears the burden of establishing her disability, unlike a typical judicial proceeding, a social security disability hearing is a nonadversarial proceeding. *Wall*, 561 F.3d at 1062; *Miracle v. Barnhart*, 187 F. App'x 870, 874 (10th Cir. 2006). The ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Miracle*, 187 F. App'x at 874. This "duty is heightened when the claimant is unrepresented." *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). "The duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." *Id.* (internal quotation marks and alteration omitted).

"The duty to develop the record is limited to fully and fairly developing the record as to material issues." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (internal quotation marks and alteration omitted). And, the ALJ's

duty "is particularly acute where the claimant is unrepresented at the hearing." *Miracle*, 187 F. App'x. at 874.

Here, the ALJ requested and received additional information covering August 22, 2018 "to present" from Plaintiff's counselor. AR 238, 292-307. In a September 3, 2019 letter, Plaintiff's counselor responded noting Plaintiff had been under her care since June 2019. *Id.* at 296.

Separately, the ALJ also requested "ALL treatment records, MRIs, covering the period of 11/21/2017 to present" from Mercy Clinic North Portland. *Id.* at 310. With the request, the ALJ included a Form titled "Medical Statement of Ability to Do Work-Related Activities." *Id.* at 313-15. In response, the Mercy Clinic sent a note stating, "Dr. Melson does not treat patients for disability." *Id.* at 309. The ALJ did not tell Plaintiff he did not receive the records, nor did he contact the Mercy Clinic again. *Id.* at 309-19, 238-39.

Plaintiff assails the ALJ's inaction, alleging he "did less than the bare minimum without any investigation and then moved on,[] fall[ing] well short of 'making every reasonable effort[.]'" Doc. 24, at 13 (quoting SSR 96-8p, 1996 WL 374184, at *5). The Commissioner responds that even had the ALJ received the MRI, a diagnostic imaging test standing alone would not clarify Plaintiff's resulting mental limitations. Doc. 28, at 6.

7

The Court agrees the ALJ committed legal error by not following up with Dr. Melson's office or at least alerting Plaintiff of the response he received, so she could attempt to supply the records. *See Madrid v. Barnhart*, 447 F.3d 788, 791 (10th Cir. 2006) (holding "that the ALJ committed legal error by not requesting [claimant's] rheumatoid factor test results from the medical source listed on the bill [or other sources]," where claimant "was not represented by counsel"); *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) (reversing and noting the ALJ's "failure [to fully and fairly develop the record] is especially egregious in light of the fact that [claimant] was not represented by counsel").[3]

The Court reverses and remands for further development of the record concerning Plaintiff's brain tumor and her treatment records for that tumor. Although the current state of the record suggests that a consultative exam may be necessary, the Court leaves the decision whether to order a consultative

---

[3] Section 416.912(b) states:

> Every reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, *we will make one follow-up request to obtain the medical evidence necessary to make a determination.*

*Id.* 20 C.F.R. § 416.912(b)(1)(i) (emphasis added).

exam up to the ALJ. *See* 20 C.F.R. § 416.912(b) (outlining circumstances under which ALJ will recontact medical source(s)).

### 2. Plaintiff's challenge to the ALJ's RFC assessment.

The Court declines to address Plaintiff's remaining objection involving the ALJ's decision not to include any limitation about her ability to adapt or manage herself "because th[is] may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### III. Conclusion.

Based on the above, the Court reverses and remands the Commissioner's decision.

**ENTERED** this 15th day of February, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE